UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

MATTHEW JONES,

                              Plaintiff,

                                                                    1:23-CV-1305
     v.                                                                   (GTS/DJS)

GREENE COUNTY SHERIFF'S DEPT. and
CORNELL CAMPUS P.D.,

                              Defendants.
───────────────────────────────────────

**APPEARANCES:**                                   **OF COUNSEL:**

MATTHEW JONES
Plaintiff *Pro Se*
Greenwood, Delaware 19950

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has forwarded for review a civil complaint filed by Plaintiff. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis*, Dkt. No. 2, which the Court has granted.

### I. SUFFICIENCY OF THE COMPLAINT

#### A. Governing Legal Standard

      28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff's Complaint alleges that he was victimized by a series of sexual assaults beginning in 1988 when he was just two years old. Compl. at ¶ 4. Plaintiff alleges a number of assaults by several different individual assailants over an unspecified period of time. *Id.* The names of the assailants are generally not included in the allegations.

### C. Analysis of the Complaint

The Court recommends that the Complaint be dismissed, but that Plaintiff be provided the ability to replead his allegations. The Federal Rules of Civil Procedure require, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Absent clarity as to the nature of the claims "defendants will not be able to respond meaningfully to the instant complaint." *DeMarco v. City of New York*, 2008 WL 3285892, at *1 (E.D.N.Y. Aug. 8, 2008). While the Complaint cites numerous federal and state statutory and constitutional provisions, it

does not provide the required clarity. The Court provides several examples of the problems with the Complaint below.

Plaintiff alleges a violation of his rights under 42 U.S.C. § 1983. Compl. at p. 10. Section 1983 "itself creates no rights; rather it provides 'a method for vindicating federal rights elsewhere conferred.'" *Stone v. McGowan*, 308 F. Supp. 2d 79, 87 (N.D.N.Y. 2004) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). While Plaintiff does raise two potential constitutional claims, two threshold issues exist as to the viability of his claim as presently pled. First, the Greene County Sheriff's Department is not a proper Defendant under section 1983 and thus not a proper party to any claim under that section. *Moulton v. Cnty. of Tioga, NY*, 2023 WL 4627646, at *15 (N.D.N.Y. July 19, 2023); *Zavalidroga v. Oneida Cnty. Sheriff's Dep't*, 2012 WL 1068844, at *11 (N.D.N.Y. Mar. 29, 2012).

Second, any claim under section 1983 requires state action. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963

F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted).  Plaintiff has failed to make any allegations establishing that that the Cornell University Police Department engaged in state action.

With respect to the specific constitutional claims identified by Plaintiff, the Court also recommends dismissal.  Plaintiff claims a violation of the Eighth Amendment.  "The Eighth Amendment applies only to individuals who have been convicted of a crime." *Norwood v. Albany City Police Dep't*, 2019 WL 5415873, at *2 (N.D.N.Y. Oct. 23, 2019). Plaintiff does not allege that he was an individual convicted of a crime at the time of the alleged assaults, and indeed alleges he was a minor at the time.  Therefore, any Eighth Amendment claim should be dismissed with prejudice.

And while Plaintiff makes allegations regarding alleged violations of the freedom of speech and press, Compl. at p. 10, there are no specific factual allegations that would support a cause of action under these First Amendment rights.

The Complaint also references the Federal Tort Claims Act, but names no federal defendants.

Plaintiff also appears to assert common law negligence and assault and battery causes of action.  *Id.*  The causes of action are not pled with the particularity required at this point to permit the claims to proceed.  While "an employer will be held liable for torts committed by an employee who is acting within the scope of his or her employment under a theory of respondeat superior," *Eckardt v. City of White Plains*, 87 A.D.3d 1049,

1051 (2d Dep't 2011), the circumstances of such liability are somewhat limited. FED. R. CIV. P. 8 is intended "to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). When a complaint does not comply with Rule 8's pleading requirements it presents too heavy a burden for defendants to defend against "and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). Given the lack of specific pleading regarding who was actually involved in the alleged assaults, the Court concludes that Plaintiff has not alleged sufficient facts to proceed. Moreover, at least with respect to Greene County, there is no allegation in the Complaint that Plaintiff has complied with the requirements of New York General Municipal Law section 50-e. *See Davis v. City of New York*, 153 A.D.3d 658, 660 (2d Dep't 2017).

The Court, therefore, recommends that the Complaint be dismissed in its entirety, but that Plaintiff be afforded an opportunity to amend.

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus,

if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of the prior Complaint shall be incorporated into the amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: December 14, 2023
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).