UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW JONES,

                          Plaintiff,

                                                                        1:23-CV-1305
v.                                                                      (GTS/DJS)

GREENE COUNTY SHERIFF'S DEPT.; and
CORNELL UNIVERSITY CAMPUS POLICE DEPT.,

                          Defendants.
_____

APPEARANCES:

MATTHEW JONES
   Plaintiff, *Pro Se*
11366 Sussex Highway
Greenwood, Delaware

GLENN T. SUDDABY, United States District Judge

## <u>DECISION and ORDER</u>

Currently before the Court, in this *pro se* civil action filed by Matthew Jones ("Plaintiff")

against the Greene County Sheriff's Department and Cornell University Campus Police

Department ("Defendants"), are United States Magistrate Judge Daniel J. Stewart's Report-

Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed with leave

to amend, and Plaintiff's Objection to the Report-Recommendation.  (Dkt. Nos. 7, 8.)

Even when construed with the utmost of special liberality, Plaintiff's Objection does not

contain a *specific* challenge to a finding or conclusion contained in the Report-Recommendation.

(Compare Dkt. No. 8 with Dkt. No. 7.)  As a result, the Report-Recommendation is entitled to

only a clear-error review.[1]

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation. Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.  To those reasons, the Court would add only that the Report-Recommendation would easily survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) shall be **<u>DISMISSED</u> with prejudice** and without further Order of the Court **UNLESS**, **within THIRTY (30) DAYS** from the entry of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that cures the numerous pleading defects identified in his original Complaint (including a lack of factual allegations plausibly suggesting state action, a claim under the Eighth or First Amendments, a claim under

---

[1]   When no specific challenge is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; see also Brown v. Peters, 95-CV-1641, 1997 WL 599355, at *2-3(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) (collecting cases), aff'd without opinion, 175 F.3d 1007(2d Cir. 1999). When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

the Federal Tort Claims Act, and a claim for common law negligence or assault and battery, and possible untimeliness); and it is further

      **ORDERED** that any Amended Complaint filed by Plaintiff shall be a complete pleading that replaces his original Complaint in his entirety and does not incorporate by reference any portion of that original Complaint; and it is further

      **ORDERED** that, should Plaintiff file a timely Amended Complaint, it shall automatically be referred to Magistrate Judge Stewart for his review.

Dated:   May 13, 2024
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge